Mildred K. O'Linn, Esq. (State Bar No. 159055)
Timothy J. Kral, Esq. (State Bar No. 200919)
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ** LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
mko@mmker.com and tjk@mmker.com

Attorneys for Defendants CITY OF REDONDO BEACH,
CHIEF W. JOSEPH LEONARDI, CAPTAIN TOM KRAFICK
and OFFICER KENNETH GREENLEAF

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID FERNANDEZ, | Case No.: CV08-2989 SVW (CWx) |
| Plaintiff, | [*Hon. Judge Stephen V. Wilson, Courtroom 6*] |
| v. | |
| CITY OF REDONDO BEACH, W. JOSEPH LEONARDI, individually and as a peace officer, THOMAS KRAFICK, Acting Chief of Police, individually and as a peace officer, KENNETH A. GREENLEAF, individually and as a peace officer, and DOES 1 through 10, inclusive, | **PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION AND DOCUMENTS** |
| Defendants. | |

UPON JOINT STIPULATION AND MOTION OF THE PARTIES TO THE

ABOVE-TITLED ACTION, AND GOOD CAUSE APPEARING THEREIN,

**IT IS HEREBY ORDERED THAT** the following terms and conditions shall

apply in the above-titled action:

1.     Defendant CITY OF REDONDO BEACH will identify and designate

those documents responsive to plaintiff's request that defendant CITY OF

REDONDO BEACH wishes to have covered by this Stipulation and Protective

Order.  Plaintiff will honor that designation, subject to paragraph 7 of this Stipulation

-1-

and Protective Order.  The parties request that any documents subject to the Court's production order be subject to the terms of paragraphs 12  through 24 of this Stipulation and Protective Order.

2.     Plaintiff's counsel shall have sole custody and control over the documents identified in paragraph 1;

3.     Documents set forth in paragraph 1 are deemed confidential, except to the extent set forth in this Stipulation and Order, and shall be used solely in connection with this above-titled litigation and the preparation and trial of this case, or any related appellate proceedings, and *not* for any other purpose, including any other litigation, and may *not* be disclosed or disseminated to any other persons, including to any other counsel other than as set forth herein;

4.     Plaintiff's counsel alone will have custody, control and access to the documents, reports and writings, and will be prohibited from releasing or disseminating the reports or files, or the information contained within the reports or files, to other persons - including but not limited to legal counsel - other than as set in paragraph 16 herein;

5.     Plaintiff's counsel may make copies of the reports and files, but plaintiff's counsel will be prohibited from releasing or disseminating such copies or the information contained within such copies other than as set forth herein;

6.     The documents identified in paragraph 1 may be submitted in all law and motion proceedings up to the commencement of trial if done so pursuant to Local Rule 79-5 which states:

> Except when authorized by statute or federal rule, no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal.  The proposed order shall address both the sealing of the application and order itself, if appropriate.  The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes.  Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing.

-2-

The parties agree to seek guidance from the Court at the time of trial regarding the procedure for lodging or filing of these documents under seal should plaintiff seek to submit or use the documents identified in Paragraph 1 as exhibits. Though this Stipulation and [Proposed] Protective Order does not apply to the handling of documents as exhibits after the commencement of trial, plaintiff agrees to not file or lodge the documents with the Court until the guidance from the Court on this issue is obtained.

7.     All disputes regarding this Protective Order shall be handled pursuant to Local Rule 37.  Plaintiff's counsel will advise defense counsel if they believe that any document(s) designated as confidential pursuant to this Stipulation and Order do(es) not warrant such designation.  The parties will attempt to resolve the issue pursuant to Local Rule 37 before submitting the issue to the Court.  However, the parties will continue to treat the document(s) at issue as confidential and subject to this Stipulation and Protective Order until the Court rules upon the dispute.

8.     The documents covered by this Stipulation and Order may be disclosed only to the following persons:

(a)     counsel for any party to this action;

(b)     paralegal, stenographic, clerical and/or secretarial personnel regularly employed by counsel referred to in paragraph (a);

(c)     court personnel, including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in this action;

(d)     any outside expert or consultant retained in connection with this action, and not otherwise employed by either parties;

(e)     any "in-house" or outside experts designated by DEFENDANTS to testify at trial in this matter; and/or

(f)     any party or witnesses to this action.

9.     Any document(s) disclosed will explicitly require inclusion of a copy of this Stipulation and Protective Order and written instructions from counsel directing compliance with same and no such copy will be transmitted or turned over to the possession of any individual plaintiff.  This Stipulation and Protective Order only

applies to materials not yet provided by defense counsel as of the date of execution of this Stipulation and Protective Order and does not apply retroactively to materials already produced.

10.     If, in connection with any deposition taken in this action, plaintiff's attorneys question a witness regarding materials subject to this Stipulation and Protective Order, or use(s) confidential material as deposition exhibits, at the request of defense counsel, the transcripts of such deposition testimony and the attached exhibits shall be designated as confidential material and shall be subject to the provisions of this Stipulation and Protective Order.

11.     The purpose of this Stipulation and Order is *not* intended to prevent officials or employees of the CITY OF REDONDO BEACH, or other authorized government officials, from having access to any document(s) to which such officials or employees would have had access in the normal course of their job duties.

12.     DEFENDANTS' decision to enter into this Stipulation and Protective Order is made *without* waiver of the privileges and rights afforded to them (DEFENDANTS hereby reserve all of their rights regarding the document(s) covered by this Stipulation and Order), including, but not limited to, the right to privacy embodied by the United States Constitution, and/or the right to object at the time of trial to the admissibility of such document(s); this Stipulation and Order should *not* be construed to preclude DEFENDANTS from filing pre-trial motions with regard to the admissibility of such document(s) or the information contained therein.

13.     Plaintiff's counsel does not agree or stipulate that any privilege as asserted by DEFENDANTS herein applies or attaches to the document(s) which are the subject of this stipulation, however plaintiff's counsel agrees to maintain the document(s) in agreement with the terms of this Stipulation and Protective Order.

///

///

C:\Temp\notesE1EF34\Protective.Order.001.re.Joint.Stipulation.001.wpd

14.    The provisions of this Stipulation and Protective Order shall be in effect until further Order of the Court or further Stipulation by counsel for the parties.

GOOD CAUSE APPEARING THEREFORE,

**IT IS SO ORDERED**.


Dated:        __Feb. 10, 2009____         _____/S/_____

HON. CARLA M. WOEHRLE,
United States Magistrate Judge

-5-

C:\Temp\notesE1EF34\Protective.Order.001.re.Joint.Stipulation.001.wpd